PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
### (Supersedes Petition Filed as Docket Entry No. 39)

Name of Offender: <u>Jonathan O'Bryan Walker</u>     Case Number: <u>1:09-00001</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>July 17, 2009</u>

Original Offense: <u>Felon in Possession of a Firearm</u>

Original Sentence: <u>96 months' imprisonment and 3 years' term of supervised release.</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>November 25, 2011</u>

Assistant U.S. Attorney: <u>Darryl Stewart</u>     Defense Attorney: <u>Sumter L. Camp</u>

---

**PETITIONING THE COURT**

☐ To issue a Summons          ■ **To Consider Additional Violations at Revocation Hearing**

☐ To issue a Warrant

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ **Consider Additional Violations at Revocation Hearing**

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this _17th_ day of _September_, 2012, and made a part of the records in the above case.

_____
Honorable William J. Haynes, Jr.
Chief U. S. District Judge

_____
Kenneth Parham
Supervisory U.S. Probation Officer

Place    Nashville, TN

Date    September 17, 2012

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 39, has been amended as follows:

>Violation No. 1 - The defendant submitted positive urine screens in August and September 2012.

>Violation No. 2 - The defendant shall participate in a program of drug testing and treatment at the direction of the probation officer.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall refrain from any unlawful use of a controlled substance:**

On August 6, 2012, Mr. Walker submitted a urine sample at the probation office in Columbia, Tennessee, which tested positive for marijuana. On this date, Mr. Walker admitted to ongoing marijuana use through August 2, 2012.

**Mr. Walker submitted urine screens on August 20, 2012, and September 4, 2012, which tested positive for marijuana.**

2.   **The defendant shall participate in a program of drug testing and substance abuse treatment at the direction of the probation officer.**

**Mr. Walker failed to attend substance abuse counseling on August 24, 2012, August 31, 2012, and September 14, 2012, as instructed by his probation officer.**

### Compliance with Supervision Conditions and Prior Interventions:

Jonathan Walker is a resident of Maury County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since November 25, 2011. He had been regularly employed at Hardee's in Columbia, Tennessee, since March 2012. Mr. Walker quit this job on July 3, 2012, when he walked out of work due to a conflict with a manager. He currently reports employment with J.J. Landscaping Company in Columbia, Tennessee. Mr. Walker lives with his parents and girlfriend in Columbia, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence.

On June 4, 2012, at the recommendation of this officer, Federal Public Defender Sumter Camp and Assistant U.S. Attorney Darryl Stewart filed a joint motion requesting that the offender's conditions of supervision be modified to include drug testing and treatment. Your Honor signed an order on June 5, 2012, imposing the additional condition of supervision for the offender to participate in drug testing and treatment at the direction

of the probation officer. Accordingly, Mr. Walker completed his intake assessment at Centerstone in Columbia, TN, on June 25, 2012, and is now enrolled in Centerstone's drug testing and treatment program. His treatment level was increased to weekly sessions on August 6, 2012, due to his ongoing drug use.

On July 16, 2012, a 12A report was filed notifying the Court of the offender's ongoing marijuana use from April 2012 through July 2012. It was recommended at that time that no further action be taken as the offender has just started outpatient drug treatment and drug testing at Centerstone in Maury County. Said petition was signed by Your Honor on July 23, 2012, ordering no action at that time, per the probation office's recommendation.

This probation officer has issued several verbal reprimands to Mr. Walker for violating his conditions of supervised release by using illegal drugs. Mr. Walker has stated on more than one occasion that he needs help for his drug problem. In addition to his formal treatment program, this officer provided Mr. Walker with a list of Narcotics Anonymous meetings in his area that he can attend as he desires. Since providing Mr. Walker with said list, he reported attending just one meeting over the course of a month.

An additional concern is that Mr. Walker has not been in compliance with the drug testing portion of his treatment program. Since late June, he was supposed to be calling Centerstone daily to see if he had a drug test scheduled for that day. On August 6, 2012, this officer learned that Mr. Walker had not been calling Centerstone as directed. He was re-instructed at that time concerning the requirements of the drug treatment program. The offender's term of supervision is scheduled to expire on November 24, 2014.

**This officer contacted Mr. Walker's substance abuse counselor at Centerstone and she advised that the offender failed to report for counseling on the dates noted above.**

### U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violations be addressed at the revocation hearing. the violation This matter has been submitted to Assistant U. S. Attorney Darryl Stewart, who concurs with the recommendation

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JONATHAN O'BRYAN WALKER, CASE NO. 1:09-00001

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months U.S.S.G. §7B1.4(a) | none |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years U.S.S.G. §5D1.2(a)(2) | none |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

Pursuant to 18 U.S.C. § 3565(b) the and 3583(g), the court shall revoke the term of supervised release if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant 18 U.S.C. § 3563(e) and 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception.

**Guideline Policy Statements:** In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(2).

Respectfully Submitted,

_____
Kenneth Parham
Supervisory U.S. Probation Officer

Approved: _____
         Vidette Putman
         Supervising U.S. Probation Officer